IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TRAVIS L. WATSON,              )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:17cv934
                               )
DETECTIVE MCPHATTER, et al.,   )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff instituted this action demanding damages under 42 U.S.C. § 1983 for an alleged "illegal search and seizure" (Docket Entry 2 at 3) at his apartment on December 29, 2016 (see id. at 4). The Court (per United States District Judge Loretta C. Biggs) previously granted summary judgment in favor of Defendants, except as "to Detective Altizer on Plaintiff's fourth-amendment claim for illegal searches of his mail." (Docket Entry 53 at 1 (adopting Docket Entry 46).)[1] Detective Altizer now has filed a Supplemental

---

1 The Recommendation adopted by Judge Biggs more specifically states that "a material factual dispute exists regarding whether, without consent, Detective Altizer (twice) searched through Plaintiff's mail (A) after Plaintiff's removal from the scene, (B) after clearing the apartment for other people, and (C) prior to the arrival of a search warrant, a dispute which, if resolved against Detective Altizer, would support a finding that she violated the Fourth Amendment." (Docket Entry 46 at 34.) Conversely, said Recommendation concludes that, "[t]o the extent Plaintiff challenges the seizure of his apartment pending the arrival of the search warrant and the subsequent seizure of a firearm therein (see Docket Entry 42 at 4), those contentions lack merit . . . ." (Docket Entry 46 at 35 n.15; see also id. (finding that record established "(1) that officers seized the apartment for
(continued...)

Motion for Summary Judgment (Docket Entry 51), seeking "summary judgment for [Detective Altizer] pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) as Plaintiff has not shown that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state court tribunal or called into question by the issuance of a writ of habeas corpus" (Docket Entry 51 at 1 (parallel citations omitted); see also Docket Entry 50-4 (copy of State v. Watson, No. COA 18-1254, 841 S.E.2d 840 (table), 2020 WL 2529816 (N.C. App. May 19, 2020) (unpublished) (affirming Plaintiff's convictions (based on guilty verdicts at trial) for robbery with a dangerous weapon, felon-firearm possession, and habitual felon status, including by ruling that he waived review of trial court's denial of motion to suppress evidence seized from his apartment on December 29, 2016))).[2]

---

1(...continued)
at most one hour pending the arrival of the search warrant and (2) that the[y ] discovered the firearm during the search of [the] apartment conducted after the search warrant's arrival").)

2 Shortly after Detective Altizer filed the instant Motion, Plaintiff noticed an (unauthorized) interlocutory appeal of the Court's above-referenced Order granting partial summary judgment for Defendants. (See Docket Entry 54.)  "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (emphasis added).  "Because the [issue raised in the instant Motion] is not an 'aspect of the case involved in the appeal,' the Court retains jurisdiction over [the instant Motion]." Harris v. McCrory, No. 1:13CV949, 2016 WL 3129213, at *1 (M.D.N.C. June 2, 2016) (unpublished) (per curiam) (internal brackets
(continued...)

"*Heck* generally bars § 1983 prisoner claims which would necessarily imply the invalidity of a conviction unless the conviction or sentence has already been invalidated." Baker v. City of Durham, No. 1:14CV878, 2018 WL 3421334, at *11 (M.D.N.C. July 13, 2018) (unpublished) (Webster, M.J.), recommendation adopted, 2018 WL 4674576 (M.D.N.C. Sept. 28, 2018) (Osteen, J.) (unpublished). However, the Heck Court made clear that, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S at 487 (italics and internal footnote omitted). By way of "example," the Heck Court explained that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." Id. at 487 n.7; see also id. ("Because of doctrines like independent source and inevitable discovery, and

---

2(...continued)
omitted) (quoting Griggs, 459 U.S. at 58), aff'd sub nom., Harris v. Cooper, ___ U.S. ___, 138 S. Ct. 2711 (2018); see also United States v. Jones, 367 F. App'x 482, 484 (4th Cir. 2010) ("[T]he district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order."); Lasercomb Am., Inc. v. Holiday Steel Rule Die Corp., No. 87-3071, 829 F.2d 36 (table), 1987 WL 44693, at *1 (4th Cir. Aug. 26, 1987) (unpublished) ("The grant of partial summary judgment was not a final order and therefore is not appealable under 28 U.S.C. § 1291.").

3

especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." (internal citations omitted)). In other words, "[a]s *Heck* itself recognizes, civil claims based on unreasonable searches do not *necessarily* imply that the resulting criminal convictions were unlawful." Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015) (italics in original).

"Here, Plaintiff's [surviving] claim[] do[es] not necessarily imply the invalidity of his conviction." Baker, 2018 WL 3421334, at *12. In particular, "it is unclear that [any search of Plaintiff's mail resulted in] the seiz[ure of] items [] used as evidence to secure Plaintiff's conviction at all." Id.[3] Moreover, "it is not apparent that Plaintiff's conviction cannot stand without [any] evidence obtained from [any such] search and seizure." Id. Of significance in that regard, "there is other evidence of Plaintiff's involvement in the [crimes] beyond [any evidence] seized from Plaintiff's [mail]," id. See Watson, 2020 WL 2529816, at *9 ("Evidence presented to the jury establishing [Plaintiff's] responsibility for the crime[s] included: security footage; [the robbery victim's] original identification of [Plaintiff] in the photographic lineup and her in-court

---

3 Neither Detective Altizer's instant Motion nor her supporting brief "identify what evidence from the search [of Plaintiff's mail, if any,] supported Plaintiff's conviction," Baker, 2018 WL 3421334, at *12. (See Docket Entries 51, 52.)

4

identification of [him]; the distinctive revolver seized from the bag of the vacuum cleaner in [Plaintiff's] home that precisely matched the description given by [the robbery victim] and the security footage; [Plaintiff's] admission in the interview with detectives that he purchased the gun discovered in his home; and photographs of [Plaintiff's] shoes, which matched the shoes in the security footage, as well as photographs of [Plaintiff] wearing goggle sunglasses matching those used during the robbery.").

Under these circumstances, "*Heck* does not bar Plaintiff's [surviving] claim," Baker, 2018 WL 3421334, at *12.[4]

**IT IS THEREFORE RECOMMENDED** that Detective Altizer's Supplemental Motion for Summary Judgment (Docket Entry 51) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

February 1, 2021

---

[4] "In order to recover compensatory damages, however, [P]laintiff must prove not only that the [alleged mail] search was unlawful, but that it caused him actual, compensable injury, which, [Heck] hold[s] does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." Heck, 512 U.S at 487 n.7 (italics and internal citation omitted); see also Martin v. Duffy, 977 F.3d 294, 301 (4th Cir. 2020) (recognizing that "Prison Litigation Reform Act . . . bars suits for mental or emotional injury unless there is a prior showing of physical injury").

5