IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRAVIS L. WATSON,            )
                             )
            Plaintiff,       )
                             )
      v.                     )      1:17CV934
                             )
DETECTIVE MCPHATTER,         )
                             )
            Defendants.      )

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, February 1, 2021, was served on the parties in this action. (ECF Nos. 58, 59.) Defendant filed objections to the Magistrate Judge's Recommendation. (ECF No. 60.) The Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de novo* determination in accord with the Magistrate Judge's Recommendation.[1] The Court therefore adopts the Magistrate Judge's Recommendation.

---

[1] Defendant Altizer's objection merits discussion. Defendant Altizer's brief in support of her supplemental motion for summary judgment argued that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claim because judgment in Plaintiff's favor "would necessarily imply the invalidity of [Plaintiff's] conviction or sentence" (ECF No. 52 at 4 (quoting *Heck*, 512 U.S. at 487)). The Recommendation notes that "civil claims based on unreasonable searches do not *necessarily* imply that the resulting criminal convictions were unlawful." (ECF No. 58 at 4; *see also id.* at 4–5 (identifying evidence providing independent support for Plaintiff's conviction, without relying on any evidence seized in connection with allegedly unconstitutional search of Plaintiff's mail).) Via the objection, Defendant Altizer has asserted her entitlement to judgment in her favor based on Plaintiff's inability to prove compensable injuries resulting from the above-mentioned search. (ECF No. 60 at 2; *see also id.* at 1 (citing ECF 58 at 5 n.4).) However, the objection misconstrues the Recommendation to the extent the objection suggests that Plaintiff's burden to prove compensatory damages (in light of the limits posed by *Heck* and the Prison Litigation Reform Act) wholly defeats Plaintiff's fourth-amendment claim. Although Plaintiff may have sought some types of compensatory damages that he may not obtain under the circumstances, *see Heck*, 512 U.S at 487 n.7; *Martin v. Duffy*, 977 F.3d 294, 301 (4th Cir. 2020), nominal and punitive damages may remain available if Plaintiff proves his entitlement to the same, *see Carey v. Piphus*, 435 U.S. 247, 266–67 (1978); *DePugh v. Penning*, 888 F. Supp. 959, 982 (N.D. Iowa 1995).

IT IS THEREFORE ORDERED that Detective Altizer's Supplemental Motion for Summary Judgment, (ECF No. 51), is DENIED.

This, the 8th day of June 2021.

/s/ Loretta C. Biggs
United States District Judge