IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TRAVIS L. WATSON,              )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:17CV934
                               )
DETECTIVE MCPHATTER, et al.,   )
                               )
          Defendants.          )
```

**MEMORANDUM OPINION AND ORDER**

This case comes before the undersigned Magistrate Judge on Plaintiff's Motion to Recuse Magistrate Judge L. Patrick Auld and Judge Loretta C. Biggs (Docket Entry 153 (the "instant Motion"); see also Docket Entry 153-1 (supporting affidavit)). Because Plaintiff did not comply with Local Rules regarding motion practice and, in the alternative, did not establish any basis for recusal under governing authority, this Order will deny the instant Motion to the extent it requests recusal of the undersigned Magistrate Judge; however (and notwithstanding the total absence of any showing of any basis for Judge Biggs's recusal), because the disqualification statute speaks to the duty of an individual judge to determine whether circumstances require that judge to "disqualify h[er]self," 28 U.S.C. § 455(a) & (b), this Order will defer the question of Judge Biggs's recusal to Judge Biggs.[1]

---

[1] The undersigned Magistrate Judge has entered an order, rather than a recommendation, on the instant Motion, because "[a] motion to recuse is a nondispositive matter," Cleveland v. South
(continued...)

INTRODUCTION

The Court (per the undersigned Magistrate Judge) permitted Plaintiff to proceed as a pauper in this action, which he brought under 42 U.S.C. § 1983. (See Docket Entry 3 at 1; see also Docket Entry 2 at 2-3 (naming three detectives employed by City of Greensboro as Defendants).) After discovery closed, the Court (per Judge Biggs) entered summary judgment for Defendants on all of the claims in this action, except as "to Detective Altizer on Plaintiff's fourth-amendment claim for illegal searches of his mail." (Docket Entry 53 at 1; see also Docket Entry 61 at 2 (dismissing Plaintiff's interlocutory appeal of that order).) The Clerk subsequently set the case for trial. (See Docket Entry 65; see also Docket Entry 81 (re-setting trial date due to scheduling conflicts).) Approximately six weeks later (and nearly four,

---

[1](...continued)
Carolina, No. 8:17CV2922, 2017 WL 6498164, at *1 (D.S.C. Dec. 19, 2017) (unpublished) ("affirm[ing] the [m]agistrate [j]udge's order [denying recusal motion under] 'clearly erroneous or contrary to law' [standard]" (quoting 28 U.S.C. § 636(b)(1)(A))); accord Kiser v. Ferris, Civ. No. 2:04-1214, 2009 WL 1770084, at *1 (S.D.W. Va. June 16, 2009) (unpublished); see also 28 U.S.C. § 636(b)(1)(A) & (B) (authorizing (A) "designat[ion of] magistrate judge to hear and determine any pretrial matter pending before the court except [eight specified motions, none of which involve recusal]," subject to reconsideration by district judge only if "clearly erroneous or contrary to law," and (B) "designat[ion of] magistrate judge to conduct hearings . . . and to submit to [district] judge . . . proposed findings of fact and recommendations for the disposition, by [district] judge . . . of any [of the eight pretrial] motion[s] excepted in subparagraph (A)," subject to district judge's "de novo determination of those . . . specified proposed findings or recommendations to which objection is made" (emphasis added)).

largely unremarkable, years into the life of this case), Plaintiff began unleashing (what has become) an unceasing barrage of increasingly unhinged filings (now numbering more than four dozen in a period of six months). (See, e.g., Docket Entries 69, 71, 76, 77, 78, 79, 80, 86, 87, 88, 100, 101, 104, 109, 110, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 128, 129, 131, 132, 133, 143, 152, 154, 157, 158, 161, 164, 165, 169, 174, 178, 179, 180, 186, 189, 190, 191.) The undersigned Magistrate Judge has denied (or recommended denial of) some of the motions/requests included amongst those filings. (See Text Orders dated Feb. 4 & 5, Mar. 11 & 27, 2022; Docket Entry 138.) Judge Biggs has affirmed and/or adopted those orders and recommendations. (See Docket Entries 182, 183.) In the midst of that activity, Plaintiff filed the instant Motion, which "requests that . . . Magistrate [Judge] Auld and Judge [] Biggs be recused from this case because their actions, findings, and rulings have not been in accord with law. They are clearly being bias [sic] and abusing their discretion." (Docket Entry 153 at 6.)

## DISCUSSION

"All motions, unless made during a hearing or at trial, . . . shall be accompanied by a brief except as provided in section (j) of [Local R]ule [7.3]." M.D.N.C. LR 7.3(a). The cross-referenced section does not exempt recusal motions from the briefing requirement. See M.D.N.C. LR 7.3(j) (listing nine motions, none of

-3-

which concern recusal). Petitioner did not file a brief in support of the instant Motion. (See Docket Entries dated Feb. 22, 2022 (date of receipt and docketing of instant Motion), and the present (showing no such brief).) "A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied." M.D.N.C. LR 7.3(k). Here, the record warrants the exercise of that discretionary authority to summarily deny the instant Motion.

To begin, Plaintiff cannot claim lack of notice about the above-quoted Local Rules, as – when discovery commenced – the undersigned Magistrate Judge ensured that Plaintiff received a copy of the Local Rules. (See Text Order dated Apr. 30, 2019; see also Docket Entry 121 (manifesting understanding of obligation to file brief in support of (at least some) motions by doing so).) Nor does Plaintiff's pro se status excuse his non-compliance. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Dancy v. University of N.C. at Charlotte, No. 3:08CV166, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (unpublished) ("[E]ven pro se litigants are expected to comply with . . . procedural rules 'without which effective judicial administration would be impossible.'" (italics omitted) (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989))); DeWitt v. Hutchins, 309 F. Supp. 2d 743, 749 (M.D.N.C. 2004) (Dixon, M.J.)

-4-

("'[P]ro se litigants are not entitled to a general dispensation from the rules of procedure . . . .'" (quoting Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994))), cited with approval, Casper v. Comcast Corp., No. 1:17CV826, 2020 WL 1472303, at *2 (M.D.N.C. Mar. 26, 2020) (unpublished) (Biggs, J.). Further, Plaintiff did not include within the instant Motion all the material required in briefs, including most importantly "refer[ences] to all statutes, rules and authorities relied upon," M.D.N.C. LR 7.2(a)(4). (See Docket Entry 153 at 1-6 (lacking citation to any statutory or other authority for recusal on any basis, much less based on allegations articulated); see also Docket Entry 153-1 at 1-2 (same).) Indeed, the instant Motion does not even comply with the (more) basic requirement that "[a]ll motions shall state with particularity the grounds therefor[ and] shall cite any statute or rule of procedure relied upon," M.D.N.C. LR 7.3(b). (See Docket Entry 153 at 1-6 (lacking citation to any statutory or other authority for recusal on any basis, much less based on allegations articulated); see also Docket Entry 153-1 at 1-2 (same).)

In sum, the instant Motion merits summary denial because, in contravention of the Local Rules, it "was not accompanied by a brief, does not state with particularity the grounds for [the] request[ed relief], and fails to set forth the federal rule or other statute under which [Plaintiff] seeks relief. While a pro se document should be construed liberally, courts do not assume the

-5-

role of advocate and develop [requests] not [properly] raised." LHF Prods., Inc. v. Fogg, No. 1:16CV1050, 2017 WL 10978801, at *1 (M.D.N.C. June 30, 2017) (unpublished) (Biggs, J.) (italics omitted); see also Harr v. Brodhead, No. 1:11CV263, 2012 WL 719953, at *3 n.3 (M.D.N.C. Mar. 5, 2012) (unpublished) (Schroeder, J.) ("[A]ll litigants, those represented by counsel and those proceeding pro se, are required to consult the local rules before filing any material."), aff'd, 475 F. App'x 15 (4th Cir. 2012).

Alternatively, "if the [C]ourt were to construe [the instant Motion as properly procedurally] made pursuant to [pertinent authority] . . ., [it] would likewise fail." LHF Prods., 2017 WL 10978801, at *1. In that regard, "[t]here are two sections in the United States Code pursuant to which a party may request that a judge be recused from a case, Title 28 U.S.C. §§ 144 and 455." Okocha v. Adams, No. 1:06CV275, 2007 WL 1074664, at *3 (M.D.N.C. Apr. 9, 2007) (unpublished) (Osteen, Sr., J.), aff'd, 259 F. App'x 527 (4th Cir. 2007). The only provisions of the latter statute that conceivably could apply to the allegations of the instant Motion (and supporting affidavit) state: "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned. (b) He [or she] shall also disqualify himself [or herself] . . . [w]here he [or she] has a personal bias or prejudice concerning a party . . . ." 28 U.S.C.

-6-

§ 455 (emphasis added).[2] The other recusal-related statute mirrors that language from Subsection 455(b): "Whenever a party . . . makes and files a timely and <u>sufficient</u> affidavit that the judge before whom the matter is pending has a <u>personal bias or prejudice</u> either against [the filing party] or in favor of any adverse party, such judge shall proceed no further . . . ." 28 U.S.C. § 144 (emphasis added); <u>see also</u> <u>Liteky v. United States</u>, 510 U.S. 540, 548 (1994) (observing that "paragraph (b)(1) [of § 455] entirely duplicate[s] the grounds of recusal set forth in § 144").

In light of that overlapping language, "the substantive standard for recusal under [these provisions of] 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same, namely, whether a reasonable person with knowledge of the relevant facts would conclude that the judge's impartiality might reasonably be questioned." <u>Davis v. United States</u>, Nos. 6:95CR284, 1:99CV842, 2002 WL 1009728, at *2 (M.D.N.C. Jan. 8, 2002) (unpublished) (Beaty, J.) (internal brackets and quotation marks omitted)), <u>appeal dismissed</u>, 55 F. App'x 192 (4th Cir. 2003). Put another way, "[t]he inquiry is whether a reasonable person would have a reasonable basis for

---

[2] The other portions of Subsection 455(b) address situations involving a judge's "personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1), prior work in "private practice," 28 U.S.C. § 455(b)(2), or "governmental employment," 28 U.S.C. § 455(b)(3), "financial interest[s]," 28 U.S.C. § 455(b)(4), and "spouse, or a person within the third degree of relationship to either [the judge or judge's spouse], or the spouse of such a person," 28 U.S.C. § 455(b)(5).

-7-

questioning the judge's impartiality . . . . A presiding judge is not, however, required to recuse himself [or herself] simply because of unsupported, irrational or highly tenuous speculation." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks omitted); see also id. ("The test is an objective one . . . ."); Okocha, 2007 WL 1074664, at *4 ("It is well settled that 'the filing o[f] a section 144 affidavit does not itself automatically effect the [judge's] ouster.' 'A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged. It is equally [the judge's] duty, however, to deny the relief claimed on account of the facts stated in the affidavit if they are legally insufficient, as it is to grant relief if they are sufficient.'" (internal brackets, citation, and block-quote formatting omitted) (first quoting Marty's Floor Covering Co. v. GAF Corp., 604 F.2d 266, 268 (4th Cir. 1979), and then quoting Sine v. Local No. 922 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989))); Davis, 2002 WL 1009728, at *1 (explaining that, when reviewing affidavit under Section 144, "[t]he judge is not required . . . to consider conclusory statements, opinions, or speculations").

Moreover, these recusal provisions "carry an 'extrajudicial source' limitation, under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceedings at hand' in order to disqualify a judge." Belue v.

-8-

Leventhal, 640 F.3d 567, 572 (4th Cir. 2011) (internal citations omitted) (first quoting Liteky, 510 U.S. at 551, 554, and then quoting id. at 545).  "Of course, the [Supreme] Court was careful to not make the extrajudicial source limitation an ironclad rule. . . .  Nevertheless, the [Supreme] Court did make clear that parties would have to meet a high bar to achieve recusal based on in-[case] predispositions."  Belue, 640 F.3d at 573.  Specifically:

> [J]udicial rulings and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" almost "never constitute a valid basis for a bias or partiality motion."  Likewise, judicial remarks that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."

Id. (internal citation omitted) (quoting Liteky, 510 U.S. at 555).

Here, as the instant Motion's demand for relief (quoted in the Introduction) reflects – and as the full text of the instant Motion and supporting affidavit confirms (see Docket Entry 153 at 1-6; Docket Entry 153-1 at 1-2) – Plaintiff "seeks recusal because he is unhappy with the Court's adverse rulings.  Yet it is well-established that mere disagreement on legal questions does not require a judge to recuse."  McSwain v. Jobs, No. 1:13CV890, 2014 WL 12495108, at *1 (M.D.N.C. Apr. 2, 2014) (unpublished) (Eagles, J.); see also id. ("When a party disagrees with the rulings of a [m]agistrate [j]udge, [the party] is free to file appropriate objections.  If [the party] disagrees with how those objections are treated by the district [judge], [the party] may file a notice of

-9-

appeal. . . . [The party] is not allowed to challenge court orders by the back door of a recusal motion . . . ."); Freeze v. VA Med. Ctr., Nos. 1:05CV219 & 220, 2005 WL 6058712, at *1 (M.D.N.C. June 21, 2005) (unpublished) (Bullock, J.) ("It appears that [the p]laintiff is dissatisfied with previous rulings of this court in other cases . . . . A judge is not required to automatically disqualify himself from a lawsuit simply because a litigant is displeased with the judge's previous adverse rulings . . . ."); Davis, 2002 WL 1009728, at *5 ("[The moving party's] only support for his contention [of judicial bias] comes from his unsupported conclusion based upon his disagreement with the orders of the Court. . . . Without considering [the moving party's] speculations and conclusions, there is nothing left to support his claim that adverse rulings are evidence of the [judge's] alleged bias."). "Similarly, a judge's efforts at docket management are not a basis for recusal." McSwain, 2014 WL 12495108, at *1 (citing Liteky, 510 U.S. at 556); see also id. (noting that recusal motions predicated on judicial efforts to control litigation "'not only threaten[] limitless gamesmanship but [also imperil] the fearless administration of justice'" (quoting Belue, 640 F.3d at 574)).[3]

---

[3] In the area of docket management (as well as legal rulings), the instant Motion grouses that the undersigned "Magistrate [Judge] and Judge Biggs have not addressed [Plaintiff's] claims in the original complaint, leaving them to stale at [his] expense." (Docket Entry 153 at 5 (internal citation omitted); see also id. at 5-6 ("The supplementations and amendments [that Plaintiff has
(continued...)

Ultimately (as another member of the Court once expressed in denying an analogous motion), to the extent Plaintiff has "ma[de] statements about the [undersigned] Magistrate Judge's motivation, [Plaintiff's] affidavit does not provide any factual support for

---

³(...continued)
proposed and the Court has denied] are not 'new claims,' as the [undersigned] Magistrate [Judge] suggests. They are the same claims that . . . the U.S. District Court has failed to address . . . .").) As the Court (per Judge Biggs) recently detailed in debunking the same basic argument raised in another of Plaintiff's filings, his assertion that the Court "has erroneously not addressed [his] claims" (Docket Entry 182 at 1-2 (internal quotation marks omitted)), such as "'that he was being denied the "Right to Equal Protection Under the Law," [was] denied the "Right to Access to Counsel," and [was] being denied the "Right to Due Process of the Law," [by] being sent to prison without any judgment, conviction, or sentence'" (id. at 2 (quoting Docket Entry 160 at 1, in turn citing Docket Entry 2 at 5)), "miss[es] the mark" (id.). (See id. at 6-8 (showing that, although "Plaintiff's recent filings continually return to the notion that his purported 'claims were unaddressed by the Court and . . . have been left to stale,'" that "newly raised and oft-repeated contention lacks merit," because (A) "Plaintiff's Complaint fails to raise viable claims for denial of [his] Right to Equal Protection Under the Law, Right to Access to Counsel, and Right to Due Process of Law," instead "identif[ying] th[o]se alleged denials as [his] injuries, arising from his sole claim for a 4th Amendment violation[ of] illegal search and seizure," as to which injuries he made only "conclusory allegations . . . [which] fail as a matter of law," and (B) "as even Plaintiff concedes, [] Defendants named in his Complaint bear no liability for his purported equal protection, due process, and access to counsel claims," and "[y]et, [he] failed to move to amend his Complaint to add [any] relevant defendants prior to the deadline for requesting leave to add parties," but rather "waited more than two years after that deadline, following both the close of discovery and the filing of his initial trial brief, to seek leave to amend his pleadings" (internal brackets, citations, ellipses, and some internal quotation marks omitted) (quoting Docket Entry 147 at 1)).) In any event, the Court's handling of those matters neither manifests bias/prejudice against Plaintiff (or for another party) nor could cause a reasonable person to reasonably question the Court's impartiality, as required for recusal under Sections 144 and 455(a) and (b)(1).

such allegations, he does not explain how he came into possession of personal knowledge of the [undersigned] Magistrate Judge's motivation, and [Plaintiff] provides no evidence from which any such inferences could be drawn." Burgess v. eBay, Inc., No. 1:11CV193, 2013 WL 3716872, at *2 (M.D.N.C. July 12, 2013) (unpublished) (Eagles, J.). "Such conclusory allegations do not constitute the clear averments or statement of facts required to support a motion for recusal and thus are insufficient to justify disqualification." Okocha, 2007 WL 1074664, at *4 (internal quotation marks omitted); see also Hill v. United States, Nos. 1:13CR435, 1:17CV1036, 2019 WL 7372962, at *1 n.1 (M.D.N.C. Dec. 31, 2019) (unpublished) (Schroeder, C.J.) ("[T]his court need not recuse itself because of unsupported, irrational, or highly tenuous speculation which has become a central component of [the p]etitioner's litigation strategy." (internal quotation marks omitted)), appeal dismissed, 831 F. App'x 626 (4th Cir. 2020), cert. denied, ___ U.S. ___, 142 S. Ct. 515 (2021).[4]

---

[4] The above-discussed considerations would equally justify denial of Plaintiff's demand for disqualification of Judge Biggs; however, "[m]otions seeking recusal and disqualification are generally entertained by the challenged judge," Davis, 2002 WL 1009728, at *1; see also Okocha, 2007 WL 1074664, at *4 ("A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged." (internal quotation marks omitted)); 28 U.S.C. § 455(a) & (b) (indicating that judge should decide whether to "disqualify h[er]self"). Accordingly, this Order will defer consideration of the portion of the instant Motion that requests Judge Biggs's recusal, so that she can review that matter.

CONCLUSION

Plaintiff did not comply with the Local Rules when he filed the instant Motion and, even if the Court excused that non-compliance, his recusal request would fall short as a matter of law (although Judge Biggs remains best-suited to rule on the demand for her disqualification).

**IT IS THEREFORE ORDERED** that the instant Motion (Docket Entry 153) is **DENIED IN PART AND DEFERRED IN PART,** in that Plaintiff's request for recusal of the undersigned Magistrate Judge is denied and Plaintiff's request for recusal of Judge Biggs is deferred.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
April 22, 2022