# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TRAVIS L. WATSON,                  )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        1:17CV934
                                   )
DETECTIVE MCPHATTER, et al.,       )
                                   )
                Defendants.        )
-------------------------------    )
TRAVIS LASHAUN WATSON,             )
                                   )
                Petitioner,        )
                                   )
        v.                         )        1:17CV1067
                                   )
MARK CARVER,                       )
                                   )
                Respondent.        )
-------------------------------    )
TRAVIS L. WATSON,                  )
                                   )
                Petitioner,        )
                                   )
        v.                         )        1:19CV249
                                   )
DENNIS DANIELS,                    )
                                   )
                Respondent.        )
```

## MEMORANDUM OPINION, ORDER AND RECOMMENDTION OF UNITED STATES MAGISTRATE JUDGE

The above-captioned cases come before the Court on these inter-related motions filed by Plaintiff/Petitioner ("Mr. Watson"): (1) Motion for Relief from Judgment or Order (1:17CV934, Docket Entry 280); (2) Motion for Relief from Judgment or Order (1:17CV934, Docket Entry 282); (3) Motion to Recuse U.S. District Judge Loretta C. Biggs and U.S. Magistrate Judge L. Patrick Auld

(1:17CV934, Docket Entry 286); (4) Motion for Relief from Judgment or Order (1:17CV1067, Docket Entry 34); (5) Motion to Recuse U.S. District Judge Loretta C. Biggs and U.S. Magistrate Judge L. Patrick Auld (1:17CV1067, Docket Entry 35); (6) Motion for Relief from Judgment or Order (1:19CV249, Docket Entry 76); and (7) Motion to Recuse U.S. District Judge Loretta C. Biggs and U.S. Magistrate Judge L. Patrick Auld (1:19CV249, Docket Entry 77). For reasons stated below, the undersigned Magistrate Judge will not recuse from these cases, will defer to Judge Biggs any decision about her recusal from these cases, will recommend denial of relief from any of the judgments in these cases, and will recommend that the Court require Mr. Watson to show cause why the Court should not enjoin him from making any further filings in these (long-closed) cases.

<u>INTRODUCTION</u>

Mr. Watson commenced the first of these three cases by filing a Complaint (1:17CV934, Docket Entry 2 ("Section 1983 Complaint")), along with a Declaration and Request to Proceed In Forma Pauperis (1:17CV934, Docket Entry 1). In the Section 1983 Complaint, Mr. Watson asserted claims against three Greensboro Police Department detectives under 42 U.S.C. § 1983 (<u>see</u> 1:17CV934, Docket Entry 2 at 2-3),[1] for a "4th Amendment violation, illegal search and seizure" (<u>id.</u> at 3), that "occured [sic] . . . on 12-29-16" (<u>id.</u> at 4). The

---

[1] Pin cites to Mr. Watson's filings refer to the page numbers appearing in the footer appended to those filings upon their docketing in the CM/ECF system (not to any original pagination).

undersigned Magistrate Judge granted Mr. Watson pauper status (see 1:17CV934, Docket Entry 3), the case eventually progressed to discovery (see 1:17CV934, Text Order dated Apr. 30, 2019), and (after discovery ended) the Court (per Judge Biggs, adopting the recommendation of the undersigned Magistrate Judge) granted summary judgment against Mr. Watson, except as to one claim against one defendant-detective "for illegal searches of [Mr. Watson's] mail" (1:17CV934, Docket Entry 53 at 1 (adopting 1:17CV934, Docket Entry 46); see also 1:17CV934, Docket Entry 64 (adopting 1:17CV934, Docket Entry 58, and denying 1:17CV934, Docket Entry 51 (supplemental summary judgment motion regarding surviving claim))).

Amidst all that activity, Mr. Watson launched the second of the above-captioned cases by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (1:17CV1067, Docket Entry 1 ("Section 2241 Petition")), which he dated as signed on November 16, 2017 (see id. at 8). Per the Section 2241 Petition, Mr. Watson sought to contest his "[t]ransfer and imprisonment into the custody and control of the Department of Public Safety – Division of Adult Correction, without conviction or [p]relim[inary h]earing." (Id. at 2; see also id. ("I was sent to prison on May 22, 2017 without conviction, without a Post Release Supervision Preliminary Hearing, without order or decree, and without any official determination of wrongdoing.").) Due to "serious problems with [the Section 2241 Petition], the undersigned [Magistrate Judge ] recommend[ed]

-3-

dismissal of th[at] action without prejudice to [Mr. Watson] filing a new petition setting out proper claims and requesting a proper form of relief." (1:17CV1067, Docket Entry 2 at 3; see also id. at 2-3 (observing that (A) challenge to absence of preliminary hearing "ignore[d] the fact that [Mr. Watson] waived that hearing," (B) challenge to "punishment as a pretrial and pre-revocation detainee" failed to "explicitly state" any basis, (C) challenge to adequacy of counsel "attempt[ed] to have this Court intervene in ongoing state criminal proceedings" without showing "bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies," and (D) Mr. Watson "request[ed] no appropriate form of relief").) "No objections were filed within the time prescribed by [28 U.S.C.] § 636" (1:17CV1067, Docket Entry 5 ("Section 2241 Judgment") at 1) and, via the Section 2241 Judgment (docketed on January 11, 2018), Judge Biggs "adopt[ed] the [foregoing r]ecommendation" (id.), "dismiss[ing that action] sua sponte without prejudice to [Mr. Watson] filing a new [p]etition which correct[ed] the defects of the [Section 2241] Petition" (id. (italics omitted)). Mr. Watson did not appeal the Section 2241 Judgment. (See 1:17CV1067, Docket Entries dated Jan. 11, 2018, to present.)

Mr. Watson, however, did file a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (1:18CV451, Docket Entry 2 ("First Section 2254 Petition")), asserting (akin to the Section 2241

-4-

Petition) that his "[p]ost[-]release supervision was revoked and [he was] returned to prison without a revocation hearing and without any official determination of wrongdoing" (id. at 5). The undersigned Magistrate Judge authorized Mr. Watson to proceed as a pauper in that action and ordered the "[r]espondent [to] file an answer" (1:18CV451, Docket Entry 5 at 1), after which the respondent answered (see 1:18CV451, Docket Entry 8) and moved for summary judgment (see 1:18CV451, Docket Entry 9). Mr. Watson responded (see 1:18CV451, Docket Entry 13) and moved to amend the First Section 2254 Petition to "seek[ his] unconditional and immediate release and also $11,950,000 in damages relating to [his] imprisonment" (1:18CV451, Docket Entry 20 at 1; see also id. ("This is the relief now sought by [Mr. Watson].")). The respondent opposed that proposed amendment. (See 1:18CV451, Docket Entry 22.)

The undersigned Magistrate Judge recommended that the Court deny the First Section 2254 Petition and the proposed amendment. (See 1:18CV451, Docket Entry 25.) A short time later, Mr. Watson consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) (see 1:18CV451, Docket Entry 30-1 at 3-7), as the respondent had done (see id. at 1-2). Mr. Watson then filed objections to the proposed denial of the First Section 2254 Petition (see 1:18CV451, Docket Entry 28), which he soon supplemented (see 1:18CV451, Docket Entry 29). With those matters pending, Judge Biggs "referred [the case] to [the undersigned] Magistrate Judge . . . to conduct all

proceedings including . . . entry of judgment[] and . . . all post-judgment proceedings therein." (1:18CV451, Docket Entry 30 at 1.) Subsequently, on January 31, 2019, "the undersigned [Magistrate Judge ] withdr[e]w the [r]ecommendation, and enter[ed an o]rder" (1:18CV451, Docket Entry 31 at 2 (internal citation omitted)), concluding – after considering Mr. Watson's objections (see id. at 2-6) – that "[t]he [First Section 2254] Petition fail[ed] on grounds of mootness or for want of merit and the proposed amendment fail[ed] on grounds of futility" (id. at 6; see also 1:18CV451, Docket Entry 32 ("First Section 2254 Judgment") at 1 ("[T]his action is dismissed with prejudice.")). Mr. Watson did not appeal the First Section 2254 Judgment. (See 1:18CV451, Docket Entries dated Jan. 31, 2019, to present.)

Instead, Mr. Watson filed another Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (1:19CV249, Docket Entry 1), which he promptly amended as of right (see 1:19CV249, Docket Entry 7 ("Second Section 2254 Petition")). The Second Section 2254 Petition raised these four claims: (1) "[d]eni[al of d]ue [p]rocess as a [p]retrial [d]etainee" (id. at 5); (2) "[d]eni[al of r]ight of [a]ccess [t]o [c]ounsel" (id. at 7); (3) "[d]eni[al of r]ight [t]o [c]ounsel" (id. at 8); and (4) "[d]eni[al of r]ight to a [f]air [t]rial [p]roceeding" (id. at 10). The first, second, and fourth claims in the Second Section 2254 Petition addressed the same events at issue in the Section 2241 Petition and the First

-6-

Section 2254 Petition.  (See id. at 5 ("On 5-22-17, [Mr. Watson] was sent to prison prior to any adjudication of guilt.  There was no court order for [him] to be imprisoned in a state 'correctional' facility for 'convicts.'"), 7 ("On 5-22-17, [Mr. Watson was] transferred over 200+ miles away from [the] place of [the] alleged crime and away from [his] court appointed counsel."), 10 ("[Mr. Watson was] punished and imprisoned in [a] state correctional facility prior to guilt. . . .  [He was] housed in [the] same agency as convicted felons, although presumed innocent.").)  The undersigned Magistrate Judge authorized Mr. Watson to proceed as a pauper in that action and ordered the "[r]espondent [to] file an answer" (1:19CV249, Docket Entry 5 at 1), after which the respondent answered (see 1:18CV249, Docket Entry 10) and moved for summary judgment (see 1:19CV249, Docket Entry 11).  Mr. Watson responded in opposition.  (See 1:19CV249, Docket Entries 14, 15.)

The undersigned Magistrate Judge "recommended that the [Second Section 2254] Petition (as amended) be denied . . . and that a [j]udgment be entered dismissing this action . . . ."  (1:19CV249, Docket Entry 17 at 24 (internal citation and all-caps/bold font omitted).)  Mr. Watson objected to that recommendation (see 1:19CV249, Docket Entry 20) and supplemented his objections (see 1:19CV249, Docket Entries 21, 22).  Via order entered on February 6, 2020, the Court (per Judge Biggs) overruled those objections (see 1:19CV249, Docket Entry 23 at 2-5) and "ordered that the

-7-

[Second Section 2254] Petition, as amended, [wa]s denied" (id. at 5 (internal citation and all-caps font omitted); see also 1:19CV249, Docket Entry 24 ("Second Section 2254 Judgment") at 1 ("It is hereby ordered and adjudged . . . that this action is dismissed with prejudice." (all-caps font omitted))). Mr. Watson appealed (see 1:19CV249, Docket Entry 26), but the United States Court of Appeals for the Fourth Circuit dismissed that appeal (see 1:19CV249, Docket Entry 31) and the United States Supreme Court denied certiorari (see 1:19CV249, Docket Entry 39).

Around that same time, the Clerk set Mr. Watson's lone surviving claim from the Section 1983 Complaint for trial. (See 1:17CV934, Docket Entry 65 (setting trial for January 3, 2022); see also 1:17CV934, Docket Entry 75 (re-setting trial for May 2, 2022); 1:17CV934, Docket Entry 208 (re-setting trial for June 2, 2022).) Mr. Watson then began inundating the Court with meritless motions improperly seeking to enlarge the scope of the trial beyond the narrow, remaining issue. (See, e.g., 1:17CV934, First Text Order dated Feb. 4, 2022 ("denying as futile [Mr. Watson's] Supplemental Motion and Proposed Injunction [(1:17CV934, Docket Entry 69)]"); 1:17CV934, Third Text Order dated Feb. 4, 2022 ("denying [Mr. Watson's] Motion for Quasi Criminal Proceeding [(1:17CV934, Docket Entry 72)]"); 1:17CV934, First Text Order dated Feb. 5, 2022 ("denying as futile [Mr. Watson's] Motion to Amend Pleading for Requested Relief [(1:17CV934, Docket Entry 79)]"); 1:17CV934,

-8-

Second Text Order dated Feb. 5, 2022 ("denying [Mr. Watson's] Motion to Implead Participating Officers into this Case [(1:17CV934, Docket Entry 71)], [his] Motion to Implead Additional Defendant [(1:17CV934, Docket Entry 76)], [his] Motion to Implead Liable State Actors [(1:17CV934, Docket Entry 77)], and [his] Motion to Implead [(1:17CV87, Docket Entry 87)]"); 1:17CV934, Third Text Order dated Feb. 5, 2022 ("denying as futile [Mr. Watson's] Request for Leave to File Supplemental Pleading [(1:17CV934, Docket Entry 88)]" (internal brackets omitted)).)

Displeased with the rejection of his efforts in that regard, Mr. Watson moved "[t]o [r]ecuse both the [undersigned] Magistrate Judge and [] Judge [Biggs]" (1:17CV934, Docket Entry 153 at 1), for "consistently fail[ing] to be fair and impartial, [] exhibit[ing] bias on the records, abus[ing] discretion, and ma[king] judgments against the weight of the evidence with erroneous fact finding and conclusions, while denying Mr. Watson the 'Right to be Heard,' through misapplication of the [l]aw" (id.). The undersigned Magistrate Judge declined to recuse (see 1:17CV934, Docket Entry 195), as did Judge Biggs (see 1:17CV934, Docket Entry 202).

Meanwhile, Mr. Watson continued making frivolous filings. (See, e.g., 1:17CV934, First Text Order dated Apr. 22, 2022 ("denying [Mr. Watson's] Notice of Filing, Fraud, and Docket Sheet Request [(1:17CV934, Docket Entry 189)]"); 1:17CV934, Second Text Order dated Apr. 22, 2022 ("denying [Mr. Watson's] Motion for

-9-

Relief and Record Notice of Fraud and Conspiracy by Federal Officials of the U.S. District Court – M.D.N.C. [(1:17CV934, Docket Entry 190)]"); 1:17CV934, Third Text Order dated Apr. 22, 2022 ("finding as moot [Mr. Watson's] Motion to Address Constitutional Claims Pleaded in Original Complaint and for Specific Enforcement of Legal, Procedural, and Civil Rights [(1:17CV934, Docket Entry 161)]"); 1:17CV934, Fourth Text Order dated Apr. 22, 2022 ("denying [Mr. Watson's] Request for Leave to File Supplemental Complaint (1:17CV934, Docket Entry 152)]"); 1:17CV934, Fifth Text Order dated Apr. 22, 2022 ("denying [Mr. Watson's] Motion to Supplement Pleading in Original Complaint by Adding Defendants that Correlate to those Claims [(1:17CV934, Docket Entry 164)]" (internal brackets omitted)).) Two of the Text Orders denying Mr. Watson's meritless motions (A) directed him to "cease and desist littering the [d]ocket with repetitive, frivolous filings falsely accusing the Court of fraud and vexatiously taxing the Court's limited resources" (1:17CV934, First Text Order dated Apr. 22, 2022; 1:17CV934, Second Text Order dated Apr. 22, 2022), and (B) warned him that "[f]ailure . . . to heed th[at] admonition will result in the imposition of sanctions" (id.).

Following the entry of those Text Orders, the lone surviving claim from the Section 1983 Complaint "came before the Court on April 29, 2022, for a Pre-Trial Conference" (1:17CV934, Docket Entry 207 at 1), to address, inter alia, Judge Biggs's prior order

-10-

"enlist[ing] the Clerk of Court to identify [p]ro-[b]ono [c]ounsel for [Mr. Watson]" (id. (referring to 1:17CV934, Text Order dated Apr. 19, 2022)). Mr. Watson "met with [the identified] counsel for the first time immediately before the [conference] and signed an engagement letter. [Said c]ounsel subsequently entered his Notice of Appearance in open court." (Id. (referring to 1:17CV934, Docket Entry 204).) That arrangement did not last long, as – per a notice Mr. Watson signed on April 29, 2022 (see 1:17CV934, Docket Entry 210 at 1) – he "instructed [his pro bono counsel] to withdraw from the case immediately because [pro bono counsel's] representation [wa]s interfering with [Mr. Watson] operating and performing in proper person." (Id.; see also id. ("I am the real party in interest[. Pro bono counsel's] representation could only result in my [c]onstitutional [r]ights being forfeited and my claims along with them. [Pro bono counsel] is to withdraw immediately, as I have told him."); 1:17CV934, Minute Entry dated May 31, 2022 ("releas[ing pro bono counsel from] . . . further obligations").)

At that point, Mr. Watson unleashed another barrage of frivolous filings in the first of the above-captioned cases. (See, e.g., 1:17CV934, Minute Entry dated May 31, 2022 (documenting denial of, inter alia, Official Demand Letter and Complaint (1:17CV934, Docket Entry 218), Motion for Relief from Judgment or Order (1:17CV934, Docket Entry 219), Motion for Relief from Judgment or Order (1:17CV934, Docket Entry 220), Official Demand

-11-

Letter and Complaint (1:17CV934, Docket Entry 221), Official Demand Letter and Complaint (1:17CV934, Docket Entry 222), Motion for Supplemental Complaint (1:17CV934, Docket Entry 243)); see also id. ("To the extent that motions are being made in [three other filings] . . ., they are hereby denied." (all-caps font omitted)); 1:17CV934, Docket Entry 248 (order entered by Judge Biggs denying Mr. Watson's renewed request for her recusal).)

Even worse (from a finality-of-litigation perspective), during this same period, Mr. Watson filed untimely motions under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") attacking the Section 2241 Judgment, the First Section 2254 Judgment, and the Second Section 2254 Judgment. (See 1:17CV1067, Docket Entry 19 at 8 (recommending denial of 1:17CV1067, Docket Entries 15 and 17, because Mr. Watson "did not pursue relief under Rule 60(b) within the time prescribed"); 1:17CV1067, Docket Entry 25 at 1 ("adopt[ing]" 1:17CV1067, Docket Entry 19, and denying 1:17CV1067, Docket Entries 15 and 17, as well as "a third 'Motion for Relief from Judgment or Order [under] Fed. R. Civ. P. 60(b)(3)' [1:17CV1067, Docket Entry 21]," because it also "fail[ed] for the reasons stated in the [r]ecommendation"); 1:17CV1067, Docket Entry 31 (affirming 1:17CV1067, Docket Entry 25); 1:18CV451, Docket Entry 46 at 6 (denying 1:18CV451, Docket Entry 44, because Mr. Watson "did not pursue relief under Rule 60(b) within the time prescribed"); 1:19CV249, Docket Entry 59 at 18-19 (recommending

-12-

denial of 1:19CV249, Docket Entries 52 and 55, because Mr. Watson "did not pursue relief under Rule 60(b) within the time prescribed" and "could have raised his claims of fraud on the court at the time of the entry of the [Second Section 2254] Judgment"); 1:19CV249, Docket Entry 66 at 1 ("adopt[ing]" 1:19CV249, Docket Entry 59, and denying 1:19CV249, Docket Entries 52 and 55); 1:19CV249, Docket Entry 73 (dismissing appeal of 1:19CV249, Docket Entry 66).)

In the course of all that abusive, litigation activity by Mr. Watson, "[a] bench trial in the [first] above[-]captioned [case] occurred on June 2, 2022, before [Judge Biggs]." (1:17CV934, Docket Entry 255 at 1.) It proceeded as follows:

> At the beginning of the trial . . ., the Court stated, as it had done so in the hearings which preceded the trial, that the only issue remaining for trial was a single question of fact: namely, whether [the remaining detective-defendant] conducted a warrantless search of [Mr. Watson's] mail on December 29, 2016, in violation of [his] Fourth Amendment Rights? At trial, [Mr. Watson] began his opening statement by stating that he wished only to submit his evidence that the warrants issued against him "were constructed under false premise, and so invalid and unenforceable." The Court reminded [him] that the validity of warrants and indictments issued against him w[as] not before the Court. [Mr. Watson] then waived his opening statement. [The remaining detective-d]efendant also waived opening statement.
>
> During the trial, [Mr. Watson] declined to present evidence and rested. [The remaining detective-d]efendant then presented evidence in the form of body camera footage and [her] testimony. [Mr. Watson] offered no cross-examination. [The remaining detective-d]efendant rested. [Mr. Watson] declined to offer rebuttal evidence or make a closing statement.

(Id. at 2 (internal citation omitted).)

-13-

Based on that trial record, "the Court conclude[d] as a matter of law that [the remaining detective-d]efendant did not search [Mr. Watson's] mail . . . and that therefore [Mr. Watson] ha[d] failed to establish his claim that any Fourth Amendment violation ha[d] occurred." (Id. at 5.) "[T]his being the final surviving claim in the [Section 1983 Complaint], the action [was] dismissed." (Id. (all-caps font omitted); see also 1:17CV934, Docket Entry 256 ("Section 1983 Judgment") at 1 ("Judgment is hereby entered in favor of all Defendants against [Mr. Watson] on all claims brought by [him] in this action.").) Mr. Watson appealed (see 1:17CV934, Docket Entry 252), but the Fourth Circuit affirmed the Section 1983 Judgment (see 1:17CV934, Docket Entry 267). During the pendency of that appeal, Mr. Watson filed a Motion for Relief from Judgment or Order (1:17CV934, Docket Entry 259), asserting, inter alia, that the "[Section 1983] Judgment . . . [wa]s a [v]oid [j]udgment" (id. at 1 (citing Fed. R. Civ. P. 60(b)(4))). The Court (per Judge Biggs) denied that motion. (See 1:17CV934, Docket Entry 271.) Mr. Watson appealed (see 1:17CV934, Docket Entry 272), but the Fourth Circuit again affirmed (see 1:17CV934, Docket Entry 276).

Still unwilling to accept the definitive outcomes in the three, above-captioned cases, Mr. Watson filed the seven instant Motions, (A) three seeking recusal (see 1:17CV934, Docket Entry 286; 1:17CV1067, Docket Entry 35; 1:19CV249, Docket Entry 77 (collectively, "Recusal Motions")), and (B) four seeking relief

-14-

under Rule 60(b)(4) (see 1:17CV934, Docket Entries 280, 282; 1:17CV1067, Docket Entry 34; 1:19CV249, Docket Entry 76 (collectively, "Rule 60(b)(4) Motions")).

<u>DISCUSSION</u>

<u>Recusal Motions</u>

The Recusal Motions actually constitute a single document bearing the caption of the first of the above-captioned cases (No. 1:17CV934) with a notation in the caption indicating intent to extend Mr. Watson's request for recusal of the undersigned Magistrate Judge and Judge Biggs to "Related Proceedings: No. 1:19cv249; No. 1:17cv1067" (1:17CV934, Docket Entry 286 at 1; 1:17CV1067, Docket Entry 35 at 1; 1:19CV249, Docket Entry 77 at 1). (<u>Compare</u> 1:17CV934, Docket Entry 286 at 1-9, <u>with</u> 1:17CV1067, Docket Entry 35 at 1-9, <u>and</u> 1:19CV249, Docket Entry 77 at 1-9.) To support the Recusal Motions, Mr. Watson filed a similarly captioned, single "Affidavit of Prejudice/Bias" (1:17CV934, Docket Entry 287 at 1; 1:17CV1067, Docket Entry 36 at 1; 1:19CV249, Docket Entry 78 at 1). (<u>Compare</u> 1:17CV934, Docket Entry 287 at 1-6, <u>with</u> 1:17CV1067, Docket Entry 36 at 1-6, <u>and</u> 1:19CV249, Docket Entry 78 at 1-6.) Assuming (for present purposes only) that the Recusal Motions comply with procedural requirements under the Local Rules, they nonetheless fail to establish any proper basis for recusal.

"There are two sections in the United States Code pursuant to which a party may request that a judge be recused from a case,

-15-

Title 28 U.S.C. §§ 144 and 455." Okocha v. Adams, No. 1:06CV275, 2007 WL 1074664, at *3 (M.D.N.C. Apr. 9, 2007) (unpublished) (Osteen, Sr., J.), aff'd, 259 F. App'x 527 (4th Cir. 2007). The only provisions of the latter statute conceivably applicable to the allegations of the Recusal Motions state: "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned. (b) He [or she] shall also disqualify himself [or herself] . . . [w]here he [or she] has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455 (emphasis added).[2] The other recusal-related statute mirrors that language from Subsection 455(b): "Whenever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the filing party] or in favor of any adverse party, such judge shall proceed no further . . . ." 28 U.S.C. § 144 (emphasis added); see also Liteky v. United States, 510 U.S. 540, 548 (1994) (observing that "paragraph (b)(1) [of § 455] entirely duplicate[s] the grounds of recusal set forth in § 144").

---

[2] The other portions of Subsection 455(b) address situations involving a judge's "personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1), prior work in "private practice," 28 U.S.C. § 455(b)(2), or "governmental employment," 28 U.S.C. § 455(b)(3), "financial interest[s]," 28 U.S.C. § 455(b)(4), and "spouse, or a person within the third degree of relationship to either [the judge or judge's spouse], or the spouse of such a person," 28 U.S.C. § 455(b)(5).

-16-

In light of that overlapping language, "the substantive standard for recusal under [these provisions of] 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same, namely, whether a reasonable person with knowledge of the relevant facts would conclude that the judge's impartiality might reasonably be questioned." Davis v. United States, Nos. 6:95CR284, 1:99CV842, 2002 WL 1009728, at *2 (M.D.N.C. Jan. 8, 2002) (unpublished) (Beaty, J.) (internal brackets and quotation marks omitted)), appeal dismissed, 55 F. App'x 192 (4th Cir. 2003). Put another way, "[t]he inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality . . . . A presiding judge is not, however, required to recuse himself [or herself] simply because of unsupported, irrational or highly tenuous speculation." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks omitted); see also id. ("The test is an objective one . . . ."); Okocha, 2007 WL 1074664, at *4 ("It is well settled that 'the filing o[f] a section 144 affidavit does not itself automatically effect the [judge's] ouster.' 'A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged. It is equally [the judge's] duty, however, to deny the relief claimed on account of the facts stated in the affidavit if they are legally insufficient, as it is to grant relief if they are sufficient.'" (internal brackets, citation, and block-quote formatting omitted) (first

-17-

quoting <u>Marty's Floor Covering Co. v. GAF Corp.</u>, 604 F.2d 266, 268 (4th Cir. 1979), and then quoting <u>Sine v. Local No. 922 Int'l Bhd. of Teamsters</u>, 882 F.2d 913, 914 (4th Cir. 1989))); <u>Davis</u>, 2002 WL 1009728, at *1 (explaining that, when reviewing affidavit under Section 144, "[t]he judge is not required . . . to consider conclusory statements, opinions, or speculations").

Moreover, these recusal provisions "carry an 'extrajudicial source' limitation, under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceedings at hand' in order to disqualify a judge." <u>Belue v. Leventhal</u>, 640 F.3d 567, 572 (4th Cir. 2011) (internal citations omitted) (first quoting <u>Liteky</u>, 510 U.S. at 551, 554, and then quoting <u>id.</u> at 545). "Of course, the [Supreme] Court was careful to not make the extrajudicial source limitation an ironclad rule. . . . Nevertheless, the [Supreme] Court did make clear that parties would have to meet a high bar to achieve recusal based on in-[case] predispositions." <u>Id.</u> at 573. Specifically:

> [J]udicial rulings and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" almost "never constitute a valid basis for a bias or partiality motion." Likewise, judicial remarks that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."

<u>Id.</u> (internal citation omitted) (quoting <u>Liteky</u>, 510 U.S. at 555).

Here – as the Recusal Motions and their supporting affidavit(s) show (<u>see</u> 1:17CV934, Docket Entry 286 at 1-9;

-18-

1:17CV934, Docket Entry 287 at 1-6; 1:17CV1067, Docket Entry 35 at 1-9; 1:17CV1067, Docket Entry 36 at 1-6; 1:19CV249, Docket Entry 77 at 1-9; 1:19CV249, Docket Entry 78 at 1-6) – Mr. Watson "seeks recusal because he is unhappy with the Court's adverse rulings." McSwain v. Jobs, No. 1:13CV890, 2014 WL 12495108, at *1 (M.D.N.C. Apr. 2, 2014) (unpublished) (Eagles, J.). "Yet it is well-established that mere disagreement on legal questions does not require a judge to recuse." Id.; see also id. ("When a party disagrees with the rulings of a [m]agistrate [j]udge, [the party] is free to file appropriate objections. If [the party] disagrees with how those objections are treated by the district [judge], [the party] may file a notice of appeal. . . . [The party] is not allowed to challenge court orders by the back door of a recusal motion . . . ."); Davis, 2002 WL 1009728, at *5 ("[The moving party's] only support for his contention [of judicial bias] comes from his unsupported conclusion based upon his disagreement with the orders of the Court. . . . Without considering [the moving party's] speculations and conclusions, there is nothing left to support his claim that adverse rulings are evidence of the [judge's] alleged bias.").

Ultimately, to the extent Mr. Watson has "ma[de] statements about the [undersigned] Magistrate Judge's motivation, [Mr. Watson's] affidavit does not provide any factual support for such allegations, he does not explain how he came into possession of

-19-

personal knowledge of the [undersigned] Magistrate Judge's motivation, and [Mr. Watson] provides no evidence from which any such inferences could be drawn." Burgess v. eBay, Inc., No. 1:11CV193, 2013 WL 3716872, at *2 (M.D.N.C. July 12, 2013) (unpublished) (Eagles, J.). "Such conclusory allegations do not constitute the clear averments or statement of facts required to support a motion for recusal and thus are insufficient to justify disqualification." Okocha, 2007 WL 1074664, at *4 (internal quotation marks omitted); see also Hill v. United States, Nos. 1:13CR435, 1:17CV1036, 2019 WL 7372962, at *1 n.1 (M.D.N.C. Dec. 31, 2019) (unpublished) (Schroeder, C.J.) ("[T]his court need not recuse itself because of unsupported, irrational, or highly tenuous speculation which has become a central component of [the p]etitioner's litigation strategy." (internal quotation marks omitted)), appeal dismissed, 831 F. App'x 626 (4th Cir. 2020).

The undersigned Magistrate Judge therefore declines to recuse from the above-captioned cases.[3]

---

[3] The above-discussed considerations also would justify denial of Mr. Watson's demands for disqualification of Judge Biggs; however, "[m]otions seeking recusal and disqualification are generally entertained by the challenged judge," Davis, 2002 WL 1009728, at *1; see also Okocha, 2007 WL 1074664, at *4 ("A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged." (internal quotation marks omitted)); 28 U.S.C. § 455(a) & (b) (indicating that judge should decide whether to "disqualify h[er]self"). Accordingly, the undersigned Magistrate Judge will defer resolution of the Recusal Motions' requests for recusal of Judge Biggs, so that she may resolve those requests.

-20-

## Rule 60(b)(4) Motions

Mr. Watson dated all of the Rule 60(b)(4) Motions as signed on January 15, 2025. (See 1:17CV934, Docket Entry 280 ("First Rule 60(b)(4) Motion") at 8; 1:17CV934, Docket Entry 282 ("Second Rule 60(b)(4) Motion") at 26; 1:17CV1067, Docket Entry 34 ("Third Rule 60(b)(4) Motion") at 23; 1:19CV249, Docket Entry 76 ("Fourth Rule 60(b)(4) Motion") at 53.) The First Rule 60(b)(4) Motion and the Second Rule 60(b)(4) Motion both pertain to the Section 1983 Judgment (the former indirectly and the latter directly), while the Third Rule 60(b)(4) Motion and the Fourth Rule 60(b)(4) Motion challenge the Section 2241 Judgment and the Second Section 2254 Judgment, respectively; more particularly:

1) the First Rule 60(b)(4) Motion "seek[s] relief from the March 11, 2024 Order by . . . [Judge] Biggs, denying [Mr. Watson's prior] Rule 60(b) motion [attacking the Section 1983 Judgment]" (1:17CV934, Docket Entry 280 at 1 (referring to 1:17CV934, Docket Entry 271 ("March 11, 2024 Order"))), on the ground "that the March 11, 2024 Order is indisputably a void order" (id.; see also id. (citing Fed. R. Civ. P. 60(b)(4) as legal basis for relief));

2) the Second Rule 60(b)(4) Motion "seek[s] relief from the June 22, 2022 Order and the [contemporaneously entered Section 1983 J]udgment denying relief and dismissing the [Section 1983 C]omplaint after a trial" (1:17CV934, Docket Entry 282 at 1 (internal citations omitted) (citing 1:17CV934, Docket Entries 255

-21-

and 256)), on the ground "that the [Section 1983 J]udgment[ ] and[ related] orders are void" (id.; see also id. (citing Fed. R. Civ. P. 60(b)(4) as legal basis for relief));

3) the Third Rule 60(b)(4) Motion "seeks relief from the [Section 2241 Judgment]" (1:17CV1067, Docket Entry 34 at 1), on the ground "that the [Section 2241 Judgment] is a void judgment . . . and that also there exists extraordinary circumstances in this case that warrant relief" (id. (internal quotation marks omitted) (citing 1:17CV1067, Docket Entry 5); see also id. (citing Fed. R. Civ. P. 60(b)(4) and (6) as legal bases for relief)); and

4) the Fourth Rule 60(b)(4) Motion "seeks relief from the February 6, 2020 Order and [contemporaneously entered Second Section 2254 J]udgment" (1:19CV249, Docket Entry 76 at 1 (internal citations omitted) (citing 1:19CV249, Docket Entries 23 and 24)), as well as "several other void orders relevant to and corresponding to this case, e.g., [a] state habeas order" (id. (citing 1:19CV249, Docket Entry 12-5)), Mr. Watson's "2005 [state criminal] judgment" (id. (citing 1:19CV249, Docket Entry 12-2)), and his "2018 [state criminal] judgment" (id. (citing 1:19CV249, Docket Entry 12-6)), "on the ground that all of these orders are void . . . and that there has been perpetrated a conspiracy against his constitutional and civil rights" (id.; see also id. (citing Fed. R. Civ. P. 60(b)(4) as legal basis for relief)).

-22-

"[Rule] 60(b) permits a party to seek relief from a final judgment, and request reopening of [the] case, under a limited set of circumstances." Kemp v. United States, 596 U.S. 528, 533 (2022) (internal quotation marks omitted). Those limited circumstances consist of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Federal] Rule [of Civil Procedure] 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added); see also Kemp, 596 U.S. at 533 (explaining that relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable" and that, "[e]ven then, extraordinary circumstances must justify reopening" (internal quotation marks omitted)). Importantly, "[Federal] Rule [of Civil Procedure] 60(c) imposes deadlines on Rule 60(b) motions. All must be filed 'within a reasonable time.'" Kemp, 596 U.S. at 533 (emphasis added) (quoting Fed. R. Civ. P. 60(c)(1) ("Rule

-23-

60(c)(1)")). "[T]he movant bears the burden of showing timeliness." <u>Moses v. Joyner</u>, 815 F.3d 163, 166 (4th Cir. 2016).

The Second Rule 60(b)(4) Motion, the Third Rule 60(b)(4) Motion, and the Fourth Rule 60(b)(4) Motion all exclusively rely – as justification for relief from the Section 1983 Judgment, the Section 2241 Judgment, and the Second Section 2254 Judgment, respectively – on rulings the Court made before or at the time of the entry of the Section 1983 Judgment, the Section 2241 Judgment, and the Second Section 2254 Judgment, respectively. (See 1:17CV934, Docket Entry 282 at 1-26; 1:17CV1067, Docket Entry 34 at 1-23; 1:19CV249, Docket Entry 76 at 1-56.) Mr. Watson's delay until January 15, 2025, i.e., a delay (as documented in the Introduction) of more than two-and-a-half years after the entry of the Section 1983 Judgment (on June 22, 2022), more than seven years after the entry of the Section 2241 Judgment (on January 11, 2018), and almost five years after the entry of the Second Section 2254 Judgment (on February 6, 2020), to raise arguments he could have raised upon the entry of each of those Judgments does <u>not</u> satisfy Rule 60(c)(1)'s requirement that "[a] motion under Rule 60(b) must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1). <u>See</u> <u>Moses</u>, 815 F.3d at 166 (observing that, where litigant "waited" for "nearly two-and-a-half years" to file Rule 60(b) motion raising argument available during that period, "[s]uch a delay would be inordinate under any circumstances" and that "[w]aiting well over

-24-

two years after [argument became available] . . . to bring that argument before the district court in [a] Rule 60(b) motion understandably struck that [district] court as excessively delayed under Rule 60(c)"), 167 (ruling that, if courts "accept as timely a motion filed two-and-a-half years after the [litigant] knew or should have known the basis for his [Rule] 60(b) claim, the 'reasonable time' limitation in Rule 60(c)(1) would quickly lose all meaning," and "declin[ing] to so erode the principle of finality essential to the operation of our criminal justice system" (internal ellipsis and quotation marks omitted)).

As a result, the Court should deny the Second Rule 60(b)(4) Motion, the Third Rule 60(b)(4) Motion, and the Fourth Rule 60(b)(4) Motion as untimely under Rule 60(c)(1).[4]

---

[4] The Third Rule 60(b)(4) Motion asserts that Mr. Watson's challenge to the Section 2241 Judgment as "a void judgment . . . may be brought at any time under Rule 60(b)(4)." (1:17CV1067, Docket Entry 34 at 19 (internal quotation marks omitted).) Nearly two dozen years ago, the Fourth Circuit, in fact, did declare that a "motion under [Rule] 60(b)(4) . . . is not subject to the reasonable time limitations imposed in the other provisions of Rule 60(b)." In re Heckert, 272 F.3d 253, 256-57 (4th Cir. 2001); see also Jackson v. United States, 245 F. App'x 258, 260 (4th Cir. 2007) ("Motions attacking a judgment as void under Rule 60(b)(4) have no time limit."). "[T]he problem with applying [that Fourth Circuit authority] here is that [the] slate contains more recent guidance from the Supreme Court." United States v. Reed, 58 F.4th 816, 821 (4th Cir. 2023). Specifically, in 2022, the Supreme Court expressly reasoned that "Rule 60(c) imposes deadlines on Rule 60(b) motions. All must be filed 'within a reasonable time.'" Kemp, 596 U.S. at 533 (emphasis added) (quoting Fed. R. Civ. P. 60(c)(1)). Hence, the Fourth Circuit's prior "reasoning and holding conflict with the Supreme Court's [more recent] reasoning," Reed, 58 F.4th at 821, and that more recent "reasoning extends to the issue [this (continued...)

Alternatively, the Second Rule 60(b)(4) Motion, the Third Rule 60(b)(4) Motion, and the Fourth Rule 60(b)(4) Motion all fail on the merits. To begin, as its plain language (quoted above) states, "Rule 60(b)(4) . . . authorizes the [C]ourt to relieve a party from a final judgment if 'the judgment is <u>void</u>.'" <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 270 (2010) (emphasis added) (quoting Fed. R. Civ. P. 60(b)(4)). "[A] <u>void</u> judgment is one so

---

[4](...continued)
Court now] face[s]," <u>id.</u> Moreover, "[t]he [Supreme] Court's language is both broad and clear." <u>Id.</u> "And because of that language, [the Fourth Circuit's prior] holding . . . is untenable." <u>Id.</u> at 822; <u>see also</u> <u>United States v. Banks</u>, 29 F.4th 168, 175 (4th Cir. 2022) (recognizing that Fourth Circuit decision loses its precedential force "if th[at] decision rests on authority that subsequently proves untenable considering Supreme Court decisions" and explaining that "[a]uthority is untenable if its reasoning or holding is inconsistent with [intervening] Supreme Court decision" (internal quotation marks omitted)). Plainly stated, because "the Supreme Court has issued a superseding contrary decision, [this Court is] bound to apply it," <u>United States v. Dodge</u>, 963 F.3d 379, 383 (4th Cir. 2020) (internal quotation marks and italics omitted), and the Fourth Circuit's earlier, contrary "formulation is no longer binding [because] it is inconsistent with the [formulation] applied by the Supreme Court," <u>United States v. Velasquez</u>, 52 F.4th 133, 141 (2022). Consistent with that understanding, district courts in the Fourth Circuit recently have ruled that Rule 60(c)(1)'s reasonable time limitation applies to motions under Rule 60(b)(4) and the Fourth Circuit has affirmed those rulings. <u>See</u> <u>United States v. Jackson</u>, No. 3:10CR33, 2024 WL 3939499, at *3 (W.D. Va. Aug. 26, 2024) (unpublished), <u>aff'd</u>, No. 24-6905, 2025 WL 689406 (4th Cir. Mar. 4, 2025) (unpublished); <u>Panowicz v. Hancock</u>, Civ. Action No. 11-2417, 2023 WL 3158699, at *2 (D. Md. Apr. 28, 2023) (unpublished), <u>aff'd</u>, No. 23-1628, 2023 WL 6972443 (4th Cir. Oct. 23, 2023) (unpublished); <u>but see</u> <u>United States v. Brown</u>, No. 24-6165, 2025 WL 671481, at *1 n.* (4th Cir. Mar. 3, 2025) (unpublished) (quoting <u>Heckert</u> for proposition that "[m]otions filed 'under Rule 60(b)(4) are not subject to the reasonable time limitations imposed in other provisions of Rule 60(b),'" but without acknowledging Supreme Court's intervening decision in <u>Kemp</u> (internal brackets and ellipsis omitted)).

-26-

affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." <u>Id.</u> (emphasis added) (internal citation omitted). Indeed, "Rule 60(b)(4) applies <u>only</u> in the <u>rare</u> instance where a judgment is premised <u>either</u> on a certain type of jurisdictional error <u>or</u> on a violation of due process that deprives a party of notice or the opportunity to be heard." <u>Id.</u> at 271 (emphasis added); <u>see also</u> <u>id.</u> at 273 (declining "to expand the universe of judgment defects that support Rule 60(b)(4) relief"). "The error[s Mr. Watson has] allege[d] fall[] in neither category." <u>Id.</u> at 271.

Starting with the first category of errors that could support relief under Rule 60(b)(4), the Court need not "define the precise circumstances in which a jurisdictional error will render a judgment void because [the Second Rule 60(b)(4) Motion, the Third Rule 60(b)(4) Motion, and the Fourth Rule 60(b)(4) Motion] do[] not argue that [any alleged] error was jurisdictional," <u>id.</u> (See 1:17CV934, Docket Entry 282 at 1-26; 1:17CV1067, Docket Entry 34 at 1-23; 1:19CV249, Docket Entry 76 at 1-56.) "Such an argument would fail in any event," <u>United Student Aid</u>, 559 U.S. at 271, as federal law indisputably granted this Court jurisdiction to adjudicate Mr. Watson's Section 1983 Complaint, Section 2241 Petition, and Second Section 2254 Petition by entering the Section 1983 Judgment, the

Section 2241 Judgment, and the Second Section 2254 Judgment, <u>see</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Turning to the second category of errors that could support relief under Rule 60(b)(4), Mr. Watson has "argue[d] that [the Section 1983 Judgment, the Section 2241 Judgment, and the Second Section 2254 Judgment are] void because the Court acted in a manner inconsistent with due process," <u>United States v. $25,325.00 in U.S. Currency</u>, No. 1:21CV584, 2023 WL 7409254, at *4 (M.D.N.C. Nov. 9, 2023) (unpublished) (Biggs, J.). (<u>See, e.g.</u>, 1:17CV934, Docket Entry 282 at 17 ("[Mr.] Watson still is not being afforded a full and fair opportunity to litigate his case and claims, infringing on his right to be heard and in violation of due process." (internal quotation marks omitted)), 23 ("The Court utilized the good cause standard to deny motions to implead Defendants . . . . However, this too has interfered with [Mr.] Watson's right to be heard and serves to continue to deprive him of his due process right and . . . prevent him from fully and fairly litigating this case." (internal citation and quotation marks omitted)); 1:17CV1067, Docket Entry 34 at 10 ("The [C]ourt has deprived [Mr.] Watson of a full and fair opportunity to litigate the issues in the [Section 2241 P]etition and to develop the claims and has deprived him of the right to be heard and to argue and prove this case. The

-28-

[C]ourt failed to comply with the procedural elements of 28 U.S.C. Section 2243, violating the due process of [Mr.] Watson's right to be heard." (parenthetical numbering omitted)), 19 ("This case is heavily flawed with fundamental infirmities showing the [C]ourt acting in contravention to due process of law . . . ."); 1:19CV249, Docket Entry 76 at 37 ("[T]he [C]ourt continues the pattern established from the beginning in denying [Mr.] Watson the right to be heard on the merits of the claims without the influence of the misrepresentations and perpetrated fraud."), 53 ("[T]his case and [the Second Section 2254 J]udgment are void because of fundamental infirmities and a violation of due process that has affected [Mr.] Watson's right to be heard . . . .").)

Those arguments do not establish "a violation of due process that deprive[d Mr. Watson] of notice or the opportunity to be heard," United Student Aid, 559 U.S. at 271; to the contrary, Mr. Watson's "due process contentions depend on [his] unsupported claim[s] that the Court ignored [his] arguments and evidence," $25,325.00 in U.S. Currency, 2023 WL 7409254, at *4, which fly in the face of the orders and recommendations entered in these cases "demonstrat[ing] the opposite," id. As the Supreme Court has explained in analyzing Rule 60(b)(4), "[d]ue process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." United Student

-29-

Aid, 559 U.S. at 272 (internal quotation marks omitted). The record in these cases (summarized in the Introduction) conclusively shows (A) that Mr. Watson received proper notice of everything that happened in these cases, as well as (B) that the Court not only "afford[ed him but he also took the] opportunity to present [his] objections," id. (internal quotation marks omitted). "This more than satisfied [his] due process rights." Id. In sum, Mr. Watson "w[as] provided all the process that was due. [His] disagreement with the Court's decision[s] does not equate to a violation of due process of law." $25,325.00 in U.S. Currency, 2023 WL 7409254, at *4; see also United Student Aid, 559 U.S. at 270 ("A judgment is not void . . . simply because it is or may have been erroneous." (internal quotation marks omitted)); Travelers Cas. & Sur. Co. of Am. v. United States, No. 1:09CV976, 2010 WL 4962936, at *3 n.4 (M.D.N.C. Dec. 1, 2010) (unpublished) (Dixon, M.J.) ("[P]rocedural errors . . . do not void a judgment . . . ."), recommendation adopted, slip op. (M.D.N.C. Apr. 26, 2011) (Osteen, J.).[5]

---

[5] To the extent the Fourth Rule 60(b)(4) Motion requests that the Court invalidate as void a state habeas order and Mr. Watson's state criminal judgments from 2005 and 2018 (see, e.g., 1:19CV249, Docket Entry 76 at 1), that request fails as a matter of law because "Rule 60(b)(4) does not authorize this Court to vacate as void state court orders or judgments," Caballero v. Fuerzas Armadas Revolucionarias de Columbia, 562 F. Supp. 3d 867, 878 n.29 (C.D. Cal. 2021); accord, e.g., HSBC Bank USA v. Lariviere, No. 21-62247-CIV, 2022 WL 4131490, at *2 (S.D. Fla. Feb. 17, 2022) (unpublished); Miran v. Solomon, No. 1:15CV6133, 2019 WL 5694225, at *3 (W.D.N.Y. Nov. 4, 2019) (unpublished), appeal dismissed, No. 19-4074, 2020 WL 3042110 (2d Cir. Mar. 30, 2020) (unpublished). (continued...)

For all the foregoing reasons, the Court should deny the Second Rule 60(b)(4) Motion, the Third Rule 60(b)(4) Motion, and the Fourth Rule 60(b)(4) Motion, leaving for further consideration only the First Rule 60(b)(4) Motion. The First Rule 60(b)(4) Motion differs from the other Rule 60(b)(4) Motions in that (as previously discussed) they attack the corresponding final judgments entered in the above-captioned cases, but the First Rule 60(b)(4) Motion attacks the post-judgment, "March 11, 2024 Order . . . denying [Mr. Watson's prior] Rule 60(b) motion" (1:17CV934, Docket Entry 280 at 1). The delay <u>between</u> the Court's entry of the order challenged, i.e., the March 11, 2024 Order, <u>and</u> Mr. Watson's filing of the First Rule 60(b)(4) Motion (on January 15, 2025) thus spans just over 10 months (rather than two-and-a-half to seven-plus years as with the other three Rule 60(b)(4) Motions). Nevertheless, the Fourth Circuit "ha[s] held on several occasions that a Rule 60(b)

---

[5](...continued)
Furthermore, even if Mr. Watson theoretically could obtain relief unavailable under Rule 60(b) by "invok[ing] the inherent power of the [C]ourt to address and provide relief from fraud that the Court knew was in operation" (1:19CV249, Docket Entry 76 at 53), the record does not support a finding of any such fraud, as previously articulated in connection with Mr. Watson's prior, belated attack on the Second Section 2254 Judgment (<u>see</u> 1:19CV249, Docket Entry 59 at 16-18 & n.3). Nor does Mr. Watson's reliance on Rule 60(b)(6) allow him to prevail on the Third Rule 60(b)(4) Motion. Simply put, Mr. Watson's protestations of injustice and his expositions on the rule of law (<u>see</u> 1:17CV1067, Docket Entry 34 at 19-21) amount to nothing more than "mere disagreement with [the C]ourt's legal analysis [which] does not justify extraordinary relief under Rule 60(b)(6)'s catchall provision," <u>LaTisha P. v. O'Malley</u>, Civ. Case No. 21-2644, 2024 WL 5150519, at *3 (D. Md. Dec. 18, 2024) (unpublished) (internal quotation marks omitted).

motion is <u>not timely</u> brought when it is made <u>three to four months</u> after the [order challenged] and no valid reason is given for the delay." <u>McLawhorn v. John W. Daniel & Co., Inc.</u>, 924 F.2d 535, 538 (4th Cir. 1991) (emphasis added) (citing cases). Here, Mr. Watson has not offered any (much less a valid) reason for delaying more than 10 months after entry of the March 11, 2024 Order to file the First Rule 60(b)(4) Motion. (<u>See</u> 1:17CV934, Docket Entry 280 at 1-8.) The Court therefore should deny the First Rule 60(b)(4) Motion as untimely. <u>See, e.g.</u>, <u>Baker v. Beale</u>, No. 3:17CV657, 2019 WL 2304250, at *2 (E.D. Va. May 30, 2019) (unpublished) (citing <u>McLawhorn</u> in ruling that the habeas petitioner's "Rule 60(b)(6) [m]otion, filed more than six months after the entry of the challenged judgment, was not filed in a reasonable time"), <u>appeal dismissed</u>, 803 F. App'x 724 (4th Cir. 2020).

In the alternative, the First Rule 60(b)(4) Motion lacks merit. According to the First Rule 60(b)(4) Motion, "[t]he March 11, 2024 Order denying [Mr. Watson's prior m]otion for [r]elief [under Rule 60(b)] as moot is infringing on [his] right to be heard in violation of due process of law." (1:17CV934, Docket Entry 280 at 1-2.) The Fourth Circuit, however, has foreclosed that position by ruling, on Mr. Watson's direct appeal of the March 11, 2024 Order, that, "because [his prior] Rule 60[(b)] motion raised only a claim that th[e Fourth Circuit] had already considered and rejected in affirming the [Section 1983 J]udgment, . . . th[is

-32-

C]ourt did not err in deeming [the prior Rule 60(b)] motion moot."
(1:17CV934, Docket Entry 276 at 2.)  Mr. Watson has dismissed that
ruling by the Fourth Circuit as "falsely premised and clearly
erroneous" (1:17CV934, Docket Entry 288 at 4), but "this [C]ourt
must follow the Fourth Circuit's interpretation," U.S. ex rel.
Staley v. Columbia/HCA Healthcare Corp., 587 F. Supp. 2d 757, 762
(W.D. Va. 2008); see also Rhoads v. Federal Deposit Ins. Corp., 94
F. App'x 187, 188 (4th Cir. 2004) ("[T]he claims raised in [the]
Rule 60(b) motion are barred by the law of the case doctrine, as
this court previously considered the claims in [the] prior appeal."
(internal citation omitted)); Drive-In Music Co., Inc v. Killette,
Nos. 98-2666, 98-2724, 213 F.3d 631 (table), 2000 WL 432365, at *3
(4th Cir. Apr. 20, 2000) (unpublished) ("[U]nder the law of the
case doctrine, a district court must follow [the Fourth Circuit's]
mandate . . . ." (internal quotation marks omitted)); Jones v.
Tyson Foods, Inc., 378 F. Supp. 2d 705, 709 (E.D. Va. 2004) ("[A]
district court in a circuit owes obedience to a decision of the
court of appeals in that circuit . . . ."), aff'd, 126 F. App'x 106
(4th Cir. 2005).  Those considerations also warrant denial of the
First Rule 60(b)(4) Motion.

## Show-Cause Order

The Introduction and the preceding subsections of the
Discussion demonstrate that – despite the entry of multiple orders
cautioning Mr. Watson that, if he did not "cease and desist

-33-

littering the [d]ocket with repetitive, frivolous filings falsely accusing the Court of fraud and vexatiously taxing the Court's limited resources" (1:17CV934, First Text Order dated Apr. 22, 2022; 1:17CV934, Second Text Order dated Apr. 22, 2022), he would face "the imposition of sanctions" (id.) – he has "continued to abuse the judicial process," Chambers v. NASCO, Inc., 501 U.S. 32, 38 (1991), by "proceed[ing] with a series of meritless motions," id. (internal quotation marks omitted). Faced with that recalcitrance, the Court should require Mr. Watson to show cause why the Court should not enjoin him from making any further filings in the three, above-captioned cases.

By way of background, the Supreme Court has held that, independent of "28 U.S.C. § 1927 and the various sanctioning provisions in the Federal Rules of Civil Procedure," id. at 42, federal courts retain "inherent power," id. at 42-43, "to fashion an appropriate sanction for conduct which abuses the judicial process," id. at 44-45. In like fashion, the Fourth Circuit has held that "the All Writs Act, 28 U.S.C. § 1651(a), grants federal courts the authority to limit access to the [federal] courts by vexatious and repetitive litigants . . . ." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) (codification year parenthetical omitted). Against that backdrop, these words from the Supreme Court apply with equal force to the situation the Court confronts in these three cases:

-34-

> Every paper filed with the Clerk of this Court . . .
> requires some portion of the institution's limited
> resources. A part of the Court's responsibility is to
> see that these resources are allocated in a way that
> promotes the interests of justice. The continual
> processing of [Mr. Watson's] frivolous [filings] does not
> promote that end.

In re McDonald, 489 U.S. 180, 184 (1989); see also Blakely v. Wards, 738 F.3d 607, 623 (4th Cir. 2013) (Wilkinson, J., concurring) ("Federal courts have the obligation to reserve their attentions for those litigants who have not previously abused the system."); Cromer, 390 F.3d at 818 ("In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. . . . [E]ven if a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue.").

"[B]efore a judge issues a prefiling injunction . . ., he [or she] must afford a litigant notice and an opportunity to be heard." Cromer, 390 F.3d at 819. A show-cause order will provide Mr.

-35-

Watson that notice and opportunity. See, e.g., Brock v. Angelone, 105 F.3d 952, 954 (4th Cir. 1997) (discussing Fourth Circuit's use of show-cause order before enjoining abusive litigant).

<u>CONCLUSION</u>

Mr. Watson has not established any basis for recusal or for relief from any orders or judgments in the above-captioned cases. Because his meritless, repetitive filings in these long-closed cases have wasted scarce judicial resources, the Court should consider enjoining him from engaging in further abusive litigation.

**IT IS THEREFORE ORDERED** that the Recusal Motions (1:17CV934, Docket Entry 286; 1:17CV1067, Docket Entry 35; 1:19CV249, Docket Entry 77) are **DENIED IN PART AND DEFERRED IN PART**, in that the undersigned Magistrate Judge will not recuse from the above-captioned cases and will defer to Judge Biggs any determination about her recusal in the above-captioned cases.

**IT IS RECOMMENDED** that the Rule 60(b)(4) Motions (1:17CV934, Docket Entries 280, 282; 1:17CV1067, Docket Entry 34; 1:19CV249, Docket Entry 76) be denied.

**IT IS FURTHER RECOMMENDED** that the Court order Mr. Watson to show cause why the Court should not enjoin him from making further filings in the above-captioned cases.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 13, 2025

-36-